UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV227-3-W
(3:04cr267)

| | |
|---|---|
| JEFFREY HOPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, filed June 4, 2009 (Doc. No. 1). For the reasons stated herein, petitioner's Motion will be dismissed as time-barred.

## I. Factual and Procedural Background

A review of the record reflects that on October 11, 2004 Petitioner pled guilty to two separate three-count Bills of Information addressing his involvement in two different multi-year conspiracies to commit fraud against home mortgage lenders. On April 11, 2007, he was sentenced to 60 months imprisonment on Count One in both cases; and 72 months imprisonment on Counts Two and Three in both cases to run concurrently with the 60 months on Count One for a total of 72 months imprisonment. Judgment was entered on April 25, 2007. (Crim. Case 3:04cr267, Doc. No. 15). Petitioner did not file a direct appeal.

On August 29, 2008 Petitioner filed a pro se motion to reduce his sentence in his criminal case (Criminal Case No 3:04cr267; Doc. No. 20). On April 24, 2009 this Court issued an Order

1

advising Petitioner that it intended to recharacterize his motion as a Motion to Vacate and provided the requisite notice under Castro v. United States, 540 U.S. 375 (2003). The Court gave Petitioner thirty days to file objections to the recharacterization, to withdraw the motion or to file a motion to amend. (Id., Doc. No. 23). On May 15, 2009 Petitioner filed a motion for an extension to time to file his Motion to Vacate. The Court granted Petitioner's motion by Order dated May 20, 2009. (Id., Doc. No. 26). Petitioner filed the instant Motion to Vacate on June 4, 2009 arguing that his motion should be considered timely pursuant to § 2255 paragraph 6(4). (Motion at 3).

## II. Analysis

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts promptly to examine motions to vacate in order to determined whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255 when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered. Petitioner did not appeal his judgment and conviction to the Fourth Circuit Court of Appeal. Judgment was entered against him in this Court on April 25, 2007. Therefore, his conviction became final on or about May 5, 2007. Petitioner had until May 5, 2008 to file his § 2255 petition. However, Petitioner did not file his § 2255 petition until June 4, 2009 or August 29, 2008, if you use the date on which Petitioner filed his Motion to reduce sentence, which the Court advised it would construe as a motion to vacate. If the Court uses the August 29, 2008 date, Petitioner's motion was filed over 3months late. The June 4, 2009 date would make Petitioner's motion over a year late.

Petitioner argues that his attorney passed away on December 21, 2007 and he was unable to secure a copy of his file from his attorney's surviving partners right away due tot he fact that he could not afford to pay the coping costs. Ultimately, in June, 2008, Petitioner was able to obtain a copy of his file. When he reviewed his file, Petitioner located a Motion for Mandatory Victim Restitution and for a Ninety Day Extension filed by the Government on April 9, 2007, just two days prior to his sentencing on April 11, 2007. (See Crim. Case 3:04cr267, Doc. No.

13). Petitioner's claims in his Motion to Vacate are based on the Government's motion which he contends he was not aware of until June 2008 when he finally obtained a copy of his file. (Motion to Vacate at 3.) Petitioner argues that based on 28 U.S.C. § 2255, paragraph 6(4), that the date he first learned of the Government's motion was the earliest date, through the exercise of due diligence, on which the facts supporting his claims could have been discovered. (Id.)[1] However, the Court notes that while Petitioner contends he knew nothing about the motion that was docketed on April 9, 2007, such motion has been part of the Court file, a public record, since the filing date. Moreover, the motion was discussed, at length, during Petitioner's sentencing hearing in Petitioner's presence. (Sentencing Transcript 38 - 40.) Indeed, Petitioner's counsel was successful in arguing that Petitioner should be allowed to delay his reporting date based on the motion filed by the Government. Therefore, Petitioner has at least been aware of the motion since the date of his sentencing hearing and could have asked his counsel for a copy of the motion at that time and also could have requested a copy from the Court. Therefore, Petitioner's argument that the June 2008 date was the earliest date, through the exercise of due diligence, that the facts supporting his claim could have been discovered, is without merit. Petitioner's claim that his one-year limitation period should be measured from June 2008, the date he alleges he

---

[1] At the same time, Petitioner contends that December 21, 2007, the day his counsel died, should be the day by which this Court measures his one year limitations period because it was due to counsel's death that Petitioner obtained a copy of his case file and became aware of potential 2255 claims. However, section 2255, paragraph 6(4) measures the one year limitations period for purposes of AEDPA as one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. The fact that Petitioner's counsel died does not, by itself, trigger paragraph 6(4). This Court rejects Petitioner's argument that December 21, 2007 is the beginning of his one-year limitations period for purposes of AEDPA.

first learned of the Government's motion filed on April 9, 2007 does not bear out from a review of the record as discussed above. Therefore, Petitioner's argument that his Motion to Vacate should be considered timely filed is without merit.[2]

Moreover, while it is well settled that courts have the authority to toll the limitations period on equitable grounds, Petitioner's stated reason for filing his Motion to Vacate late also does not justify equitable tolling. In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner claims that because he was unaware of the Government's motion regarding restitution and that his time for filing his Motion to Vacate should be measured from the date upon which he first became aware of the motion. However, the Court has already established that Petitioner was present at his sentencing hearing when the Court discussed the

---

[2] To the extent that Petitioner's motion contains claims unrelated to the Government's motion filed on April 9, 2007, such claims are clearly untimely as they would not be subject to Petitioner's 2255 paragraph 6(4) argument.

Government's motion, at length, with the parties. Therefore his argument that he first became aware of the motion when he obtained a copy of his file is not credible. In any event, applying the above cited test to Petitioner's particular situation, Petitioner fails to establish that the facts causing his late filing of the instant motion are extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

For the foregoing reasons, this Court concludes that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.[3]

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

---

[3] To the extent Petitioner is also attempting to claim that his counsel failed to file an appeal as requested, Petitioner's claims is insufficient. Indeed, Petitioner contends that " [his] desire to appeal is evident by his actions and his ever consistent objection to the loss enhancements." In addition to the fact that Petitioner's Motion to Vacate is untimely, this particular conclusory claim is not sufficient to state a claim as Petitioner has not established any evidence that he specifically requested that his counsel file an appeal on his behalf. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

**SO ORDERED.**

Signed: June 12, 2009

*Frank D. Whitney*
Frank D. Whitney
United States District Judge