UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv227-3-W
(3:04CR267)

| | |
|---|---|
| JEFFREY A. HOPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion For Reconsideration of Motion for Sentence Reduction filed March 5, 2010 (Document No. 17.) For the reasons stated herein, the Petitioner's Motion for Reconsideration will be denied.

A review of the record reflects that on October 11, 2004 Petitioner pled guilty to two separate three-count Bills of Information addressing his involvement in two different multi-year conspiracies to commit fraud against home mortgage lenders. On April 11, 2007, he was sentenced to 60 months imprisonment on Count One in both cases; and 72 months imprisonment on Counts Two and Three in both cases to run concurrently with the 60 months on Count One for a total of 72 months imprisonment. Judgment was entered on April 25, 2007. (Crim. Case 3:04cr267, Doc. No. 15). Petitioner did not file a direct appeal.

On August 29, 2008 Petitioner filed a pro se motion to reduce his sentence in his criminal case (Criminal Case No 3:04cr267; Doc. No. 20). On April 24, 2009 this Court issued an Order advising Petitioner that it intended to recharacterize his motion as a Motion to Vacate and provided the requisite notice under Castro v. United States, 540 U.S. 375 (2003). The Court gave Petitioner

1

thirty days to file objections to the recharacterization, to withdraw the motion or to file a motion to amend. (Id., Doc. No. 23). On May 15, 2009 Petitioner filed a motion for an extension to time to file his Motion to Vacate. The Court granted Petitioner's motion by Order dated May 20, 2009. (Id., Doc. No. 26). Petitioner filed a Motion to Vacate on June 4, 2009 arguing that his motion should be considered timely pursuant to § 2255 paragraph 6(4). (Motion at 3).

By Order dated June 12, 2009, this Court denied Petitioner's Motion to Vacate as untimely. The undersigned considered and rejected Petitioner's argument that his motion was timely filed pursuant to 28 U.S.C. § 2255, paragraph 6(4) and also considered and rejected equitable tolling. Petitioner appealed this Court's Order denying his Motion to Vacate and on March 5, 2010 the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed his appeal. (Doc. No. 16.)

The Fourth Circuit has decided Petitioner's appeal, therefore, this Court is without authority to essentially reopen Petitioner's case. See Fed. R. Civ. Pro. 60(a). Indeed, Petitioner has received all the review to which he is entitled as the Fourth Circuit has ruled on his appeal. Therefore, Petitioner's motion is denied. See also, United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) ( the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.")[1]

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 17) is Denied.

---

[1] Further, to the extent Petitioner is continuing to attack his federal conviction, his motion would be considered a successive petition filed without permission from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244 (b)(3)(A)

2

**SO ORDERED**.

Signed: March 8, 2010

Frank D. Whitney
United States District Judge